24-2778(L)
*United States v. Diaz*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of August, two thousand twenty-six.

Present:
> RAYMOND J. LOHIER, JR.,
> *Chief Judge,*
> BARRINGTON D. PARKER,
> SARAH A. L. MERRIAM,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellant*,

> v.                                                                          24-2778(L), 25-1618(con)

WALTER DIAZ, AKA ERIC ROGERS,

> *Defendant-Appellee,*

TYRONE WALKER, ANTHONY WALKER, AKA
TONY WALKER,

> *Defendants.*

_____

1

For Defendant-Appellee:     YONATAN EVEN (M. Brent Byars, Ming-Toy Taylor, *on the brief*), Cravath, Swaine & Moore LLP, New York, NY.

For Appellant:              RAJIT S. DOSANJH, Assistant United States Attorney (Jonathan S. Reiner, Assistant United States Attorney, *on the brief*), *for* John A. Sarcone III, Acting United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this matter is **REMANDED** to the District Court for further proceedings consistent with this order.

The government appeals from an order of the United States District Court for the Northern District of New York (Hurd, *J.*), entered on June 10, 2025, and the Third Amended Judgment, entered on June 11, 2025, granting defendant Walter Diaz's motion for a reduction in sentence.   The government contends that the reduced sentence is *procedurally* unreasonable because the District Court retroactively ordered Diaz's federal term of imprisonment to run concurrently with a term of imprisonment imposed on Diaz in a state case from which Diaz had already been paroled.   The government contends that the reduced sentence is *substantively* unreasonable because the effective sentence of approximately four years of federal imprisonment constitutes an abuse of discretion.

## DISCUSSION

A district court may "reduce [a] term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §]3553(a) to the extent that they are applicable, if it finds

2

that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. §3582(c)(1)(A).

In his motion, Diaz argued that "extraordinary and compelling circumstances support his compassionate release, and the sentencing factors under 18 U.S.C. §3553(a) weigh in favor of a sentence reduction of time served." Joint App'x at 94. Diaz also argued that there was "no reason for the [state and federal] sentences [to] run consecutively" and that the District Court could "take into consideration the time [he had] served in state custody" in calculating an appropriate reduction in his sentence. Joint App'x at 109.

The District Court granted that motion, finding that Diaz had "identified a combination of extraordinary and compelling reasons" and that "the relevant §3553(a) factors weigh[ed] in favor of a reduction." Joint App'x at 1240-41. In its original order, the District Court reduced the sentence to a total of 420 months of imprisonment, ordering that Diaz "receive credit for time served on his state convictions." Joint App'x at 1241. When the Bureau of Prisons did not "credit" the time Diaz had served in state prison toward his new 420-month sentence, Diaz moved for clarification. Joint App'x at 1285. The District Court granted Diaz's motion for clarification and amended the judgment again, this time to state that the federal sentence would run concurrently with "all of the time Diaz spent in state custody." Joint App'x at 1956. In so doing, the District Court explained that it had previously reduced "Diaz's federal sentence of life in prison . . . to a total term of 420 months," which was "intended to fully account for the decades he spent in state prison too." Joint App'x at 1951 (citation modified). "The Court understood [its order] to mean that Diaz would be eligible for release from prison no later than 2026." Joint App'x at 1952. Under the amended judgment, Diaz was released from custody on or about June 24, 2025.

3

The government contends that the District Court lacked the authority to run Diaz's federal term of imprisonment concurrently with the state term of imprisonment from which Diaz had already been paroled. Moreover, the government contends that §3582(c)(1)(A) does not permit a court to reduce a federal sentence by running it concurrently with a state sentence that is "discharged," and that because Diaz had already been paroled from custody on his state sentence, that sentence was discharged. *See* Gov't Br. at 40-42.

The government may be right that the District Court committed procedural error because it lacked the authority to run Diaz's federal term of imprisonment concurrently with the state sentence from which Diaz had already been paroled. *See* 18 U.S.C. §3582(c)(1)(A). To be sure, we have doubts that the compassionate release statute, which allows a sentencing court to "reduce the term of imprisonment" previously imposed in certain *limited* circumstances, authorizes the District Court's approach here. *Id.* But even assuming the District Court erred, it is not clear from the record before us how the error affected the District Court's consideration of Diaz's sentence reduction; indeed, such an error may be harmless. *See United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) ("Where we identify procedural error in a sentence, but the record indicates clearly that the district court would have imposed the same sentence in any event, the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing." (citation modified)).

It is beyond dispute that a district court is empowered by §3582(c)(1)(A) to reduce a prison sentence to time served, even if the original sentence included a mandatory minimum term. *See United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022) ("[A] mandatory minimum sentence does not preclude a district court from reducing a term of imprisonment on a motion for compassionate release."). On this record, however, we cannot determine whether the District

4

Court would have imposed a reduced sentence of time served if it were *not* empowered to impose a sentence of 420 months *with credit for the time served on the state sentence* from which Diaz had been paroled.

We therefore remand this matter to the District Court "to supplement the record with further findings and conclusions," pursuant to *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994). On remand, the District Court shall determine whether a sentence of time served for Diaz's federal offense – without credit for the time Diaz spent in state custody on his state convictions – is appropriate. On remand, the District Court shall consider all of the §3553(a) factors anew in evaluating whether it would find a sentence of time served to be reasonable and in compliance with the relevant law. This evaluation may take into account Diaz's conduct since his release from custody. *See Purcell v. United States*, 158 F.4th 441, 449 (2d Cir. 2025) ("[A] district court at resentencing can consider new information, including 'evidence of the defendant's postsentencing rehabilitation[.]'" (quoting *Pepper v. United States*, 562 U.S. 476, 481 (2011))); *Concepcion v. United States*, 597 U.S. 481, 492 (2022) (noting *Pepper* applies equally to "sentencing modification hearings").

\*   \*   \*

This matter is hereby **REMANDED** to the District Court pursuant to *Jacobson*. On remand, the District Court may reconsider the grant of Diaz's motion for compassionate release and vacate the sentence reduction altogether, modify the sentence imposed, or provide additional explanation for its decision. If the District Court decides, on remand, to reduce Diaz's federal sentence to time served, it should provide a statement explaining its basis for that decision. When the District Court issues said statement or renders a decision, either party may restore the matter to the active docket of this court by letter without filing a new notice of appeal, and the

5

matter will be referred to this panel for full consideration of the merits of the appeal on both procedural and substantive reasonableness grounds.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk